IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JAMES CATLEDGE,

        Plaintiff,

v.

SCOTT HAM and WORLD FINANCIAL GROUP, INC.,

        Defendants.

CIVIL ACTION NO.

1:05-CV--1652--JEC

### ORDER

This case was originally filed in the District of Nevada. On June 22, 2005, that district court granted the defendants' motion to transfer for improper venue [54]. In the Order granting the transfer, the district court noted that the Settlement Agreement out of which the plaintiff's claims purportedly arise "expressly provides that any action arising out of or to enforce it must be 'commenced exclusively...within the State of Georgia.'" *Id.* at 2. The court further noted that plaintiff had "failed to offer any non-frivolous argument" to the contrary. *Id.*

Upon transfer to this district, on June 22, 2005, the case was assigned to the Honorable Willis B. Hunt. Included in the file that

AO 72A
(Rev.8/82)

was transferred was a Motion to Dismiss by defendant Scott Ham [5].[1] Since the case was transferred, a Motion for Sanctions was also filed by all defendants, on October 11, 2005 [61]. Finally, on October 25, 2005, the parties entered into a Consent Scheduling Order [63] indicating that Fact Discovery ends on December 15, 2005 and Expert Discovery ends on March 5, 2006. Dispositive motions are due on March 25, 2006.

On October 31, 2005, Judge Hunt recused himself and the case was transferred to the undersigned. First, as to the Motion for Sanctions [61] filed by defendants, plaintiff has not responded to that motion. Thus, pursuant to Local Rule 7.1B, the motion is deemed to be unopposed. Accordingly, the motion is deemed to be unopposed and the Court **GRANTS** it on that basis. Alternatively, the Court deems this motion to be meritorious as the District Court of Nevada concluded that plaintiff offered no nonfrivolous arguments in support of its decision to initially file this case in Nevada, in clear contravention of the Settlement Agreement. Accordingly, the defendants' Motion for Sanctions [61] is **GRANTED** and plaintiff shall pay to the defendants, within **thirty (30) days** of this Order,

---

[1] The Clerk's record of pending motions also shows that a Motion to Compel [47] is still pending. This does not appear to be accurate, as the Minute Entry for Proceedings held on June 22, 2005 [48] in the District of Nevada indicates that the latter court disposed of this motion. Accordingly, **the Clerk** should so correct its records to indicate that **Document No. 47** is no longer a pending motion.

2

$17,122.50.

As to defendant Ham's Motion to Dismiss, upon an initial review, this motion also appears to have some merit. Nevertheless, the Court has not, as yet, reviewed the authority cited by the parties. Typically, a Court will attempt to review a motion to dismiss in advance of discovery to spare a party who should not have been sued any needless expense incurred in participating in the litigation. Here, however, the parties appear to have almost completed discovery, which will expire in approximately two weeks. That being the case, the Court wishes to conserve its own resources and to avoid the need for piecemeal review of the parties' contentions. As summary judgment motions will be filed in March 2006, the Court prefers to review defendant Ham's motion in the context of those other motions.

Accordingly, the Court **DENIES WITHOUT PREJUDICE** defendant Ham's Motion to Dismiss [5]. Defendant Ham may refile this motion, *in toto*, by submitting a Notice to that effect to the Court at the time that summary judgment motions are due; the Clerk will then reactivate the motion and accompanying pleadings. Alternatively, defendant Ham may wish to revise his motion. If so, he may file a motion for summary judgment reiterating and supplementing the arguments made in his motion to dismiss.

In summary, the Court **GRANTS** defendants' Motion for Sanctions [61] and plaintiff shall pay to the defendants, within **thirty (30)**

**days** of this Order, **$17,122.50**. The Court **DENIES WITHOUT PREJUDICE** defendant Ham's Motion to Dismiss [5].

SO ORDERED, this _30_ day of November, 2005.

                                                    JULIE E. CARNES
                                                UNITED STATES DISTRICT JUDGE

4

AO 72A
(Rev.8/82)