FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAR 17 2006

LUTHER D. THOMAS, Clerk
By: [signature]
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JAMES CATLEDGE,          :
                         :
        Plaintiff,       :
                         :      CIVIL ACTION FILE NO.:
v.                       :
                         :      1:05-CV-1652-JEC
WORLD FINANCIAL GROUP, INC., :
SCOTT HAM, and DOES I through:
X, and ROE ENTITIES I through:
X,                       :
                         :
        Defendants.      :

**ORDER**

This case is before the Court on defendants' Motion to
Compel [47] and on plaintiff's Motion to Amend Complaint
[69].

The motion to compel has had an awkward procedural
history.  Defendants filed the motion while the case was
still pending in the District of Nevada.  The case was
subsequently transferred to this Court, on June 22, 2005,
when the presiding judge in Nevada granted defendants'
motion to transfer venue.  The case was originally assigned
to this Court's colleague, the Honorable Willis B. Hunt.
On October 31, 2005, Judge Hunt issued an order recusing
himself and the case was reassigned to the undersigned.

Thereafter, on November 30, 2005, this Court issued an
Order that was intended to rule on all pending motions.

1

AO 72A
(Rev.8/82)

Specifically, the Order granted defendants' Motion for
Sanctions, filed as a result of the plaintiff having
originally filed the action in the District of Nevada, "in
clear contravention of the Settlement Agreement." (Order of
November 30, 2005 [66] at 2.)   This motion for sanctions
had been filed after the transfer of the case to this
district.

The Court also resolved what it believed to be the only
motion that had been pending in the case when the case was
still being litigated in the District of Nevada.
Specifically, defendant Ham had filed a motion to dismiss
when the case was originally filed in Nevada.   In this
November Order, the Court denied without prejudice this
motion, noting that as fact discovery was about to expire in
two weeks, it would be more efficient for defendant Hamm to
refile the motion as a motion for summary judgment.   The
Court also noted that although the docket indicated that
another motion--defendants' motion to compel--was still
pending, the Court's reading of the minutes entry from
Nevada indicated that the Nevada court had disposed of the
motion.   Accordingly, the Order directed the Clerk to
indicate that this motion, Document # 47, was no longer
pending.  (*Id.* at 2 n.1)

Thereafter, counsel for the defendants wrote the Court

2

a letter indicating that the minutes entry was incorrect and had now been corrected by the Clerk. Counsel requested that this Court resolve the motion to compel. (Letter of Dec. 2, 2005 [68]) The Court thereafter issued a second Order indicating that it could not resolve the pending motion because the transferred record from Nevada did not contain the complete response that had been filed by the plaintiff there. The Court therefore directed the plaintiff to file the complete response that had been filed in the District of Nevada. (Order [67] at 2).

The plaintiff did not refile this original response, but instead filed a Motion to Amend Complaint [69] and a Supplemental Response to Defendants' Motion to Compel [72]. In essence, this response indicated that the recently amended complaint had removed the counts to which the requested discovery was relevant and hence the motion to compel should be denied.

Defendants' counsel filed a letter [75] with the Court, noting that the plaintiff had not filed with this Court the response that had been filed in Nevada, as this Court had directed plaintiff to do. Plaintiff attached that response, as well as defendants' reply, which had also been filed when the case was pending in Nevada. Moreover, defendants noted that the fact that "plaintiff is now, finally, moving to

3

amend his complaint to dismiss certain claims may moot the need to order production of certain documents. However, it does not in any way moot the propriety of awarding sanctions." (*Id.* at 2.) Specifically, defendants note that plaintiff's unwarranted refusal to provide discovery when it was requested in Nevada forced the defendants to file their motion to compel and thereby to incur unnecessary expense.

The Court has reviewed the pleadings filed in the District of Nevada. Discovery was properly requested, yet plaintiff refused to produce this discovery. Accordingly, the Court can see no basis for the plaintiff's conduct and plaintiff should be required to compensate the defendants for the unnecessary expense that plaintiff caused the defendants to incur.

Therefore, the Court **DENIES AS MOOT** defendants' Motion to Compel [47], but **awards sanctions to the defendants** because plaintiff's unjustified refusal to respond to discovery required defendants to incur expenses in filing a motion to compel, albeit that motion now appears to be moot. Defendants shall file a memorandum, **within thirty (30) days**, setting out the reasonable fees and expenses that defendants incurred in filing the Motion to Compel and the Reply, in Nevada, and in filing the letter of January 6, 2006 [75]. Defendants shall not request fees in connection with defendants' efforts to correct the incorrect docket entries, as that action was

4

necessitated, not by plaintiff's conduct, but by a clerical error that occurred within the two courts when the case was transferred. The Court **GRANTS** also an unopposed Plaintiff's Motion to Amend Complaint [69].

SO ORDERED, this 17 day of March, 2006.


_____
JULIE E. CARNES
UNITED STATES DISTRICT JUDGE

5